THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* ANGELO BORREGINE, Defendant.

City Court, Criminal Division, City of Syracuse, March 8, 1967.

*Francis R. Moran, District Attorney (John J. Martino* of counsel), for plaintiff. *Anthony J. Fazio* for defendant.

ROCCO P. REGITANO, J. Defendant was arrested by a warrant dated September 14, 1966 and charged with violation of section 152 of the Conservation Law, department order and rules and regulations. This resulted from a routine inspection of the premises located at 937 North Salina Street, Syracuse, New York, by Officers Richard J. Eberhard, Sr., and George C. Gulino, Sr., officers of the New York State Conservation Department. The premises are known as the Salina Fish Market and are operated by the defendant. In the course of this routine inspection, the officers discovered that the defendant had removed certain labels and tags showing the name, address and certificate or permit number, the contents and source of shellfish, the date of shipment, and the name and address of the consignee. The record reveals that the officers counted 437 little neck clams and 87 chowder clams which the officers confiscated. By subdivision 11 of section 166 of the Conservation Law, the State Conservation Department or its officers have the right to settle by civil compromise in its discretion any action or cause of action to recover a penalty under the article as it may deem advantageous to the State. Section 663 of the Code of Criminal Procedure always allows for civil compromise in crimes less than a felony where the general public will suffer no damage. An offer of compromise was made to the defendant and he rightfully refused said compromise. Of course, the defendant

had the right to refuse such compromise and no one could coerce him into doing otherwise.

On the 14th day of September, 1966, the defendant was arrested at his place of business, 937 North Salina Street, Syracuse, New York. A motion was made and the papers thereon were served on the Criminal Court, Part I, of the City Court of the City of Syracuse, and also upon Matthew Namishia, one of the Assistant District Attorneys assigned to that court, for the suppression of evidence. The contention of the movant was, to wit: the afore-mentioned clams, on the basis of said evidence were obtained against the defendant's constitutional rights regarding unlawful search and seizure. A hearing was held on November 21, 1966, in regard to said motion and proof was taken by this court, and thereon the court reserved decision in regard to said motion. The defendant relied on *People* v. *Buys* (42 Misc 2d 154). There, of course, the search involved a boat, and according to the evidence there were five or six undersized clams on the deck of the boat, and the court held that that did not authorize search of the boat without warrant, in view of the provision of the section 314 of the Conservation Law, which provides that undersized clams may compose an amount not to exceed 3% of total catch when unavoidably taken. Under the provisions of subdivision (5) of section 306 of the Conservation Law, all boats, houses and other places, containers used in the handling of shellfish shall be maintained in a sanitary condition satisfactory to the department. The department shall make such inspections as are necessary to enforce the provisions of this subdivision. By subdivision (2) of section 152, and section 311 of the Conservation Law, the New York State Conservation Department has the power to regulate the transportation, importation and exportation of game fish, shellfish, crustaceans, etc., and also it has the power to establish rules and regulations to enforce its right to regulate. And that includes the power to make regulations with respect to receiving, possession, transportation, importation, exportation, buying, selling or otherwise trafficking in shellfish.

The two officers of the Conservation Department were allowed to inspect the premises located at 937 North Salina Street, to determine the sanitary conditions under which shellfish are resold to the public, and they were allowed to examine all shellfish to determine whether they can be legally sold, and they have the power to conduct routine and periodic inspections of people and places involved in trafficking in shellfish for the purpose of determining sanitary conditions under which shellfish are resold to the general public. Therefore, the officers

had the right under the law to be on the premises and to conduct the inspection.

When the officers visited the Salina Fish Market, 937 North Salina Street, there was no resistance or opposition to their inspection of the premises and the evidence appears that while they were on the premises, there were no labels or tags on the bags or containers of the said shellfish to show that a permit had been duly obtained and secured pursuant to sections 311 and 390 of the Conservation Law. Tags and labels are required under section 311 of the Conservation Law.

Under these facts, the crime was committed in the presence of the officers and, even though there were no provisions in the law allowing the conservation officers to inspect the premises the crime was committed in the presence of the officers and therefore they could arrest the defendant and seize the contraband, since the officers personally observed that the tags were not attached to the containers. (Code Crim. Pro., § 177; *People v. Moore,* 11 N Y 2d 271; *People v. Caliente,* 12 N Y 2d 89; *People v. Sessa,* 12 N Y 2d 89.)

Of course, the defendant as herein above stated relies on *People v. Buys* (42 Misc 2d 154, *supra*) wherein the court stated that it was necessary for the conservation officers to have probable cause for them to seize the contraband shellfish, this case is distinguishable from the *Buys* case, in that in the *Buys* case the conservation men seized undersized clams without permission or without benefit of the law giving them such permission, seized what they termed contraband. But in this case, under the law, the conservation officers had the right to inspect the premises and therefore they met the requirement of probable cause and other safeguards under the United States Constitution's Fourth and Fifth Amendments, and article I of New York's Constitution.

Therefore, in view of all the facts and circumstances, the motion to suppress the evidence is hereby denied.